1

2

3

4

5

6

7

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

8

| UNITED STATES OF AMERICA, | No. CR 09-00203 CW |
|---|---|
| Plaintiff, | ORDER DENYING MOTION TO RECUSE (Docket No. 913) |
| v. | |
| DESEAN NATHANIEL GARDNER, et al., | |
| Defendants. | |

**United States District Court**
**For the Northern District of California**

    Defendant Desean Nathaniel Gardner moves to recuse the

undersigned for the limited purpose of ruling on motions attacking

the wiretap and suppressing evidence obtained from it.

Co-Defendant Jamie Malik Snowden Richardson joins the motion and

the government opposes it.  The matter was submitted on the papers.

After considering all the papers filed by the parties, the Court

DENIES the motion.

                              DISCUSSION

    A judge "shall disqualify himself in any proceeding in which

his impartiality might reasonably be questioned."  28 U.S.C. §

455(a).  The test for disqualification is an objective one:

"whether a reasonable person with knowledge of all the facts would

conclude that the judge's impartiality might reasonably be

questioned."  United States v. Nelson, 718 F.2d 315, 321 (9th Cir.

1983).

Defendants contend that a judge ruling on a motion to suppress evidence obtained from a wiretap order he or she authorized raises the appearance of partiality.  In particular, Defendants are concerned about the existence of a policy that automatically assigns criminal cases to the judge who authorized and supervised the underlying wiretaps.

However, the undersigned is unaware of any such policy. Criminal Local Rule 7-1(a) provides that cases are assigned to judges pursuant to the Assignment Plan of the Court.  The Assignment Plan states that cases "shall be assigned blindly and at random by the clerk by means of a manual, automated or combination system approved by the judges of the court."  No separate rule or practice of which the undersigned is aware addresses the assignment of cases in which a wiretap has been authorized.

Defendants urge that, even in the absence of such a policy, the undersigned should still recuse because of the appearance of partiality that would result from a ruling on the validity of the wiretap by the judge who authorized it.  The parties do not cite any Ninth Circuit authority on this issue, but the Second and Eighth Circuits have both found no abuse of discretion for failure to recuse in identical circumstances.  See United States v. Giordano, 442 F.3d 30, 48 (2d Cir. 2006); United States v. Jones, 801 F.2d 304, 312 (8th Cir. 1986).  Defendants contend that this Court should instead follow United States v. Zarowitz, 326 F. Supp. 90 (C.D. Cal. 1971).  The judge in Zarowitz chose to recuse himself from a case after having approved a series of wiretaps.  Id. at 94.

United States District Court
For the Northern District of California

2

The Court finds <u>Giordano</u> and <u>Jones</u> persuasive.  As the court in <u>Giordano</u> aptly noted, "the authorization of a wiretap . . . does not 'evidence the degree of favoritism or antagonism required' to necessitate recusal under § 455(a) from ruling on the admissibility of the resulting evidence."  <u>Giordano</u>, 442 F.3d at 48 (citations omitted).  Moreover, a judge has "'as strong a duty to sit when there is no legitimate reason to recuse as he does to recuse when the law and facts require.'"  <u>Clemens v. United States Dist. Court for the Central Dist. of California</u>, 428 F.3d 1175, 1179 (9th Cir. 2005) (citations omitted); <u>see also</u> <u>Idaho v. Freeman</u>, 478 F.Supp 33, 35 (D. Idaho 1979) (unnecessary recusal unfairly burdens other judges).

CONCLUSION

For the foregoing reasons, Defendants' motion is DENIED.


IT IS SO ORDERED.


Dated: July 29, 2010

_____
CLAUDIA WILKEN
United States District Judge

United States District Court
For the Northern District of California